EMMA EISELE ET AL. v. FRANK SCHMITZ.

Submitted July 5, 1901—Decided November 11, 1901.

A decree of foreclosure will not estop defendants thereto from claiming title to the land involved as heirs-at-law of one who was not a party to the suit and who died after the decree.

On case reserved.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, GARRISON and COLLINS.

For the plaintiffs, *William C. Nicoll.*

For the defendant, *William J. Kearns.*

The opinion of the court was delivered by

COLLINS, J. The suit is ejectment. The facts are as follows: On April 17th, 1896, judgment by default was recovered against Charles Eisele in a District Court of the city of

Newark, and on April 23d, 1896, was ineffectively docketed in the Court of Common Pleas of the county of Essex. Under execution issued upon this docketed judgment levy was made upon the premises in question, of which Charles Eisele was then seized; sale was had, and a conveyance, dated August 4th, 1896, was delivered to the purchaser, one John R. V. Colding. On September 10th, 1896, Colding mortgaged the premises to Anna Lieman for $1,200, and on September 11th, 1896, for the consideration of $1, executed a conveyance thereof to Emma Eisele and Millie Eisele, daughters of said Charles Eisele. The Lieman mortgage was foreclosed by a suit in Chancery, in which Emma Eisele and Millie Eisele and John R. V. Colding and Charles Bried were the only defendants. Under decree, execution and sale in that suit the sheriff of the county of Essex, on December 27th, 1897, executed a conveyance to Anna Lieman, under whom the defendant in this suit claims title. On January 29th, 1898, the said Charles Eisele died intestate.

The present suit is brought by the six children of Charles Eisele, deceased, claiming as heirs-at-law of their father.

The question on which our opinion is required is whether or not the decree above recited estops the plaintiffs Emma Eisele and Millie Eisele from claiming any interest in the property involved.

The ground advanced for the defendant's contention of an estoppel is that a decretal sale cuts off all claim of title to the premises sold of the defendant's in the suit, whether directly asserted or not. This principle has no application in the present case, for it cannot operate upon a title acquired after the decree. At the time of the filing of the bill to foreclose, and for long afterwards, the title now asserted was in Charles Eisele, who was in no manner affected by the decree or the conveyance thereunder. His heirs-at-law stand in his right.

Our opinion is that the decree works no estoppel against Emma Eisele and Millie Eisele. Let judgment be entered on *postea* in favor of the plaintiffs.